## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **PETRONELLA P. SARGEANT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  **Civil Action No. 2022-0012** |
| | ) |
| **HESS CORPORATION,** | ) |
| **HESS OIL NEW YORK CORP.**, as successor | ) |
| by merger of **HESS OIL VIRGIN ISLANDS** | ) |
| **CORP., GLENCORE LTD.,** and | ) |
| **COSMOGONY II, INC.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**Attorneys:**
**J. Russell B. Pate, Esq.,**
St. Croix, U.S.V.I.
**Korey A. Nelson, Esq.,**
**H. Rick Yelton, Esq.,**
New Orleans, LA
**Warren T. Burns, Esq.,**
**Daniel H. Charest, Esq.,**
Dallas, TX
    *For Plaintiff*

**Michael A. Rogers, Esq.,**
St. Croix, U.S.V.I.
    *For Defendants/Cross-Claimants Hess Corporation and*
      *Hess Oil New York Corp., as successor*
      *by merger of Hess Oil Virgin Islands Corp.*

**Richard H. Hunter, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant/Cross-Defendant Glencore, Ltd.*

**MEMORANDUM OPINION AND ORDER**

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendants Hess Corporation and Hess Oil New York Corporation's ("HONX")[1] (collectively, "Hess Defendants") "Notice of Removal" (Dkt. No. 1). For the reasons set forth below, the Court will remand this matter, *sua sponte*, to the Superior Court of the Virgin Islands for lack of subject matter jurisdiction.

## I.   BACKGROUND

On February 4, 2022, Hess Defendants removed the instant matter to this Court alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Dkt. No. 1). Thereafter, on May 9, 2022, Hess Defendants filed a Suggestion of Bankruptcy for HONX, informing the Court that HONX had filed a voluntary petition in bankruptcy in the United States Bankruptcy Court for the Southern District of Texas and was subject to an automatic stay pursuant to 11 U.S.C. § 362(a). *See, e.g.*, *Theodore*, Civil Action No. 2021-0178 (Dkt. No. 63). Similarly, on July 5, 2022, Lockheed Martin Corporation informed the Court—via Notices in similar matters—that Defendant Glencore, Ltd. ("Glencore") had filed an involuntary petition in bankruptcy against Cosmogony II, Inc. ("Cosmogony") in the United States Bankruptcy Court for the District of Puerto Rico, resulting in an automatic stay of proceedings as to Cosmogony.[2] *See, e.g.*, Notice, *Boyce v. Lockheed Martin Corp., et al.,* Civil Action No. 2022-0018 (Dkt. No. 10).

---

[1] Since filing its Notice of Removal, Hess Corporation and HONX have notified the Court—through their Suggestion of Bankruptcy filing—that HONX is a successor to Hess Oil New York Corporation. *See, e.g., Theodore v. Hess Corp., et al.*, Civil Action No. 2020-0060 (Dkt. No. 63).

[2] On October 25, 2022, the United States Bankruptcy Court for the District of Puerto Rico transferred the proceeding to the District Court of the Virgin Islands Bankruptcy Division. *In re Cosmogony II, Inc.*, No. 22-01682 (Bankr. D.P.R. Oct. 25, 2022).

Following the Notices, the Court issued an Order on July 30, 2022 in *Theodore* requiring the parties—which included Hess Defendants and Glencore—to submit legal memoranda addressing: 1) whether the Court is permitted to adjudicate the issue of remand notwithstanding the existence of the automatic stay resulting from the bankruptcy proceedings involving HONX and Cosmogony; and 2) the scope of the automatic stay as it pertains to each of the non-debtor defendants. *Theodore*, Dkt. No. 64. In its Response, Glencore asserted that the Court is permitted to adjudicate the issue of remand despite the existence of the automatic stay as to HONX and Cosmogony resulting from the bankruptcy proceedings.[3] *Id.*, Dkt. No. 78.

## II. DISCUSSION

### A. Impact of the Automatic Stay on Remand Proceedings

This Court has jurisdiction to determine the applicability of the bankruptcy stay in the instant matter. *See Solis v. Makozy,* Civil Action No. 09-1265, 2012 WL 1458232, at *3 (W.D. Pa. Apr. 27, 2012) (citing *Brock v. Morysville Body Works, Inc*., 829 F.2d 383, 384 (3d Cir. 1987) (finding that the non-bankruptcy forum "share[s] concurrent jurisdiction with the bankruptcy court over [the applicability of the automatic stay] and should decide [that issue]."). Therefore, the Court will first focus on the propriety of addressing the issue of remand during the pendency of a bankruptcy automatic stay pursuant to 11 U.S.C. § 362(a). As discussed below, this Court—consistent with its prior rulings—concludes that the pendency of the automatic bankruptcy stay

---

[3] On September 16, 2022, Hess Defendants submitted a filing in *Theodore* stating that the Bankruptcy Court must issue guidance before a response to this Court's automatic stay inquiries could be filed. *Theodore*, Dkt. No. 74 at 3. Hess Defendants stated that they would seek such guidance "promptly," and once received, would file a further response with this Court. *Id.* No further response to this Court's July 30, 2022 Order was received from Hess Defendants either prior to the Court's ruling on the automatic stay issue on December 12, 2022 in *McNamara v. Hess Corp., et. al*, Civil Action No. 2020-0060, 2022 WL 17584009 (Dkt. Nos. 122, 123)—to which Hess Defendants were a party—or at any time thereafter.

3

does not prevent it from ruling on the issue of remand. *See, e.g.*, *McNamara,* 2022 WL 17584009, at *5-6 (finding that the Court could adjudicate the issue of remand without violating automatic stay triggered by pendency of bankruptcy proceedings against debtor); *Boyce*, (Dkt. No. 18 at 2) (D.V.I. Sept. 20, 2022) (same).

First, Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition "operates as a stay of"

> (1) the *commencement or continuation* … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title ...

11 U.S.C. § 362(a)(1) (emphasis added). The purpose of the automatic stay is to "give[] the bankrupt a breathing spell from creditors by stopping all collection efforts, all harassment, and all foreclosure actions" and "[it] protects creditors by preventing particular creditors from acting unilaterally in self-interest to obtain payment from a debtor to the detriment of other creditors." *Schaffer v. Atl. Broad. of Lindwood NJ Liab. Co*., Civil No. 10-5449, 2011 WL 1884734, at *3 (D.N.J. May 17, 2011) (citing *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991)).

Since the instant action was filed prior to HONX's and Cosmogony's bankruptcy proceedings, the issue arises as to whether addressing the issue of remand constitutes a "continuation of the action" pursuant to 11 U.S.C. § 362(a). Courts in the Third Circuit and other jurisdictions have been virtually unanimous in finding that an automatic bankruptcy stay does not prevent remand of an improperly removed action because remand is not a prohibited "continuation" of the action under Section 362. *See, e.g.*, *Anderton v. 3M Co*., Civil Action No. 18-14949, 2019 WL 2009788, at 1 n.1 (D.N.J. May 7, 2019) (remanding case to state court despite

existence of automatic stay where district court lacked diversity jurisdiction); *Schaffer*, 2011 WL 1884734, at *4 (remanding case to state court despite defendant's post-removal bankruptcy proceeding after district court found that it lacked subject matter jurisdiction); *Evans v. Anderson*, No. C 09-5227, 2010 WL 118398, at *1 (N.D. Cal. Jan. 7, 2010) (internal citation omitted) ("[W]here the district court lacks jurisdiction over the action filed before it the court is not without power to remand the action and the stay does not deprive it of that power."). As the court in *Schaffer* explained, in "remanding the lawsuit to state court, a district court expresses no opinion regarding the merits of the plaintiff's claim. Instead, the district court merely determines that the appropriate forum for litigating the merits of the plaintiff's claim is a state court of general jurisdiction." *Schaffer*, 2011 WL 1884734, at *4; *Price v. Chrysler LLC*, No. 09CV00232, 2009 WL 2208298, at *1 (E.D. Mo. July 23, 2009) ("The Court's decision to remand this action to state court is essentially a lateral move to address a procedural issue, and it does not continue the case in any significant matter.").

Further, the Court finds that addressing the issue of remand does not affect HONX's or Cosmogony's financial status or assets, nor does it affect any creditor's standing in the bankruptcy proceeding—all of which the automatic stay is designed to protect. *See Schaffer*, 2011 WL 1884734, at *4 (remand would not further the collection efforts of debtor's creditors, or otherwise encourage creditors to harass debtor during the pendency of the bankruptcy proceedings). Because remand is a procedural issue rather than an adjudication on the merits, it does not place HONX or Cosmogony "in [a] better or worse position, legally or financially, than the position it occupied at the time of removal." *Hudgens v. Deer Valley Home Builders, Inc.*, Civil Action No. 09-00417, 2009 WL 2878052, at *2 (W.D. La. Sept. 4, 2009) (remanding lawsuit subject to automatic stay provision to state court). Essentially, the Court finds that addressing the jurisdictional question

5

does not jeopardize or infringe on either of the debtors' "breathing space" or threaten to deplete the estate against the interests of other creditors. *See Anderton*, 2019 WL 2009788, at *1 (citing *Sanders v. Farina*, 67 F. Supp. 3d 727, 730 (E.D. Va. 2014)). Thus, the Court finds that it may adjudicate the remand issue without violating the automatic stay triggered by the bankruptcy proceedings. *See, e.g.*, *McNamara,* 2022 WL 17584009, at *5-6; *Boyce*, (Dkt. No. 18 at 2) (D.V.I. Sept. 20, 2022).

### B.     Lack of Subject Matter Jurisdiction

Because the propriety of removal and the issue of remand are at the heart of the Court's subject matter jurisdiction, the Court will address the issue *sua sponte*. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Fahy v. Certain Underwriters at Lloyd's*, *London*, Civil Action No. 19-CV-03758, 2019 WL 6310217, at *2 (E.D. Pa. Nov. 25, 2019) (internal citations omitted) ("'As courts of limited jurisdiction, federal courts have the duty to examine the propriety of jurisdiction even when the issue is not raised by the parties.' Thus, a district court has authority to remand a case *sua sponte* if it determines that it lacks subject matter jurisdiction.").

It is axiomatic that federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts possess subject matter jurisdiction only over cases that present a federal question, 28 U.S.C. § 1331, or when diversity of citizenship exists and the value of the claim exceeds $75,000, 28 U.S.C. § 1332(a). For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship between the parties, in that "no plaintiff can be a citizen of the same state as any of the defendants." *Walthour v. City of Philadelphia*, 852 F. App'x 637, 639 (3d Cir. 2021).

The burden of establishing a federal court's subject matter jurisdiction rests on the party invoking that jurisdiction. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc*., 835 F.3d 388, 395 (3d Cir. 2016); *The Fred, LLC v. Capstone Turbine Corp*., Civil Action No. 2020-0029, 2021 WL 1082513, at *1 (D.V.I. Mar. 17, 2021). Moreover, removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand. *Batoff v. State Farm Ins. Co*., 977 F.2d 848, 851 (3d Cir. 1992); *The Fred, LLC*, 2021 WL 1082513, at *1.

In their Notice of Removal, Hess Defendants state that "[n]o individual [d]efendant is a citizen [of] or has a principal place of business in St. Croix, United States Virgin Islands." (Dkt. No. 1 at 2). Noticeably absent from the Notice of Removal is any mention of Cosmogony or its citizenship. However, the Complaint alleges that "Cosmogony is a U.S. Virgin Islands company, having its [principal] place of business in the U.S. Virgin Islands." (Dkt. No. 1-1 at 2). Therefore, Hess Defendants have failed to establish—by way of their Notice of Removal—that there is complete diversity of citizenship among the parties in the instant action, thereby failing to meet their burden of establishing the Court's jurisdiction over this matter. *Walthour*, 852 F. App'x at 639 (complete diversity of citizenship necessary to establish diversity jurisdiction); *Chestnut St. Consol., LLC v. Dawara,* 571 F. Supp. 3d 392, 395 (E.D. Pa. 2021) (citing *McCann v. The George W. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006)) ("The party asserting diversity jurisdiction bears the burden to prove diversity.").[4] Accordingly, the Court will remand this case

---

[4] Although there is now an automatic stay against Cosmogony—the non-diverse defendant—its citizenship is still relevant for determining whether diversity jurisdiction exists. *See Sutton Woodworking Mach. Co. v. Mereen-Johnson Mach. Co.*, 348 F. Supp. 2d 601, 605 (M.D.N.C. 2004) (finding that Chapter 7 petition for bankruptcy against non-diverse defendant did not result in diversity of citizenship in that the automatic stay is not "tantamount to a dismissal of the non-diverse debtor as a party defendant … but merely suspends the proceedings.").

to the Superior Court of the Virgin Islands for lack of subject matter jurisdiction.[5]

**UPON CONSIDERATION** of Hess Defendants' Notice of Removal; Glencore's Response to the Court's July 30, 2022 Order in *Theodore*—with which the Court agrees—regarding the propriety of addressing the issue of remand notwithstanding the existence of an automatic stay; and for the reasons set forth herein, it is hereby

**ORDERED** that this case is **DISMISSED** for lack of subject matter jurisdiction; and it is further

**ORDERED** that the Clerk of Court is directed to **REMAND** the above-captioned matter to the Superior Court of the Virgin Islands; and it is further

**ORDERED** that Plaintiff Petronella P. Sargeant's "Request for Entry of Default Against Defendant Cosmogony II, Inc." (Dkt. No. 10) is **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk of Court is directed to mark this case **CLOSED**.

**SO ORDERED.**

Date: March 28, 2023                                          _____/s/_____
                                                              WILMA A. LEWIS
                                                              District Judge

---

[5] In similar actions, this Court has addressed the issue—when raised in the Notice of Removal—of whether Cosmogony, as a local, non-diverse defendant, was fraudulently joined for the purpose of avoiding diversity jurisdiction. *See, e.g.*, *Mathurin v. Hess Corp.*, *et al.*, Civil Action No. 2021-0176, 2022 WL 991378 (D.V.I. Mar. 31, 2022); *Brooks v. Glencore Ltd.*, *et. al.*, Civil Action No. 2021-0251, 2022 WL 613292 (D.V.I. Mar. 1, 2022). That issue need not be addressed here because it was not raised in Hess Defendants' Notice of Removal. In the absence of an allegation that a non-diverse defendant is fraudulently joined to an action, that defendant's citizenship cannot be ignored in considering whether diversity jurisdiction exists upon removal to federal court. *See Keyser v. Toyota Material Handling Ne., Inc.*, Civil Action No. 20-cv-10584, 2020 WL 7481598, at *3 (D.N.J. Dec. 18, 2020) (internal citations omitted) (remanding case to state court where the removing party alleged diversity jurisdiction but ignored the non-diverse defendant's citizenship and failed to allege that such citizenship was irrelevant due to fraudulent joinder).